**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERALD FRANKLIN BELL,

       Petitioner-Appellant,

v.

STATE OF OKLAHOMA; TULSA
COUNTY DISTRICT COURT; RON
WARD; THE ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

       Respondents-Appellees.

No. 00-5150
(N. District of Oklahoma)
(D.C. No. 97-CV-584-K)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Gerald Franklin Bell's *pro se* request for a certificate of appealability ("COA"). Bell seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Before he is entitled to a COA, Bell must make a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Bell may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

Bell raised three claims in his § 2254 petition: (1) an improper jury instruction was given at his trial, (2) his sentence was improperly enhanced by his prior felony convictions, and (3) both his trial and appellate counsel were ineffective. In a comprehensive Order, the district court, relying on controlling Supreme Court and Tenth Circuit authority, concluded that Bell's first two claims were procedurally barred and that his third claim lacked merit. This court has conducted an equally comprehensive *de novo* review of Bell's request for a COA and accompanying brief, the district court's Order, and the entire record on appeal. In his application for COA and opening brief, Bell has not identified any error in the district court's analysis. It is unnecessary for this court to expound

on the district court's exhaustive analysis which correctly resolved Bell's claims. Accordingly, this court **denies** Bell's request for a COA for substantially those reasons set forth in the district court's Order dated June 26, 2000 and filed June 27, 2000, and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge